IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOHNNY LEE BROWN**                                                     **PLAINTIFF**

**VS.**                                **CIVIL ACTION NO. 3:15-CV-686-HTW-LRA**

**MIKE LEE, SHERIFF, ET AL**                                 **DEFENDANTS**

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On September 23, 2015, Johnny Lee Brown [hereinafter "Plaintiff"] filed a Complaint [1] in this Court charging Defendants with illegal search and seizure; use of excessive force; illegal arrest and false imprisonment; deliberate indifference to a serious medical need; mental and emotional distress; and, gross negligence. On the same date, he filed an Application to Proceed in District Court Without Prepaying Fees or Costs, [3], requesting that the prepayment of filing fees and costs be waived pursuant to 28 U.S.C. § 1915.

After a review of the sworn Financial Affidavit filed with the Court, it is the opinion of the Magistrate Judge that Plaintiff is not indigent under the law and should not be allowed to proceed *in forma pauperis*. Plaintiff states that he has a monthly income in the form of public assistance in the amount of $1,200, and that his monthly living expenses are $775. He has also applied for Social Security Income. He owns no property, but he has no debts.

Section 28 U.S.C. §1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *See*

*Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982); *Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988). This Court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his impecunity? *Souder v. McGuire*, 516 F.2d 820 (3rd Cir. 1975);
>
> Is access to the courts blocked by the imposition of an undue hardship? *Startti v. United States*, 415 F.2d 1115 (5th Cir. 1969); and,
>
> Is the plaintiff forced to contribute his last dollar, or render himself destitute to prosecute his claim? *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 337 (1941).

Considering the circumstances of Plaintiff, particularly the fact that he has an income that covers more than his regular monthly expenses, the undersigned finds that he could pay filing costs without undue financial hardship if given sixty days to pay the filing fees. He will not be rendered destitute by paying the filing fees in sixty days, as he does have a place to reside and a monthly income. If meritorious, this is a fee-producing case, and Plaintiff will be able to recoup the fees charged in this case. Taxpayers should not bear the costs of private civil litigation unless a litigant is actually barred from the courts due to his finances.

Because Plaintiff will not be barred from the federal courts due to his lack of financial resources, it is the recommendation of the undersigned that Plaintiff's motion to proceed *in forma pauperis* be denied. Plaintiff shall be given sixty days to pay the filing fees in this cause; all of the costs associated with the filing of this lawsuit should be paid on or before **February 11, 2016.** If Plaintiff does not object to this recommendation, but does

not pay the filing fees by February 11, 2016, this case should be dismissed without prejudice with no further notice to Plaintiff.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations.  Objections are required to be in writing and must be filed within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court...." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(*en banc*)(citations omitted).

IT IS ORDERED that Plaintiff shall pay the full filing fees in this case on or before **February 11, 2016,** unless he appeals this recommendation to the district judge**.**

**IT IS FURTHER ORDERED** that Plaintiff's request to have the Complaint served at government expense [4] is **denied.**

THIS the 10th day of December 2015.

> /s/ Linda R. Anderson
> UNITED STATES MAGISTRATE JUDGE