IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHNNY LEE BROWN                                              PLAINTIFF

VS.                                          Civ. No. 3:15-CV-686-HTW-LRA

MIKE LEE, in his official
capacity as SHERIFF OF
SCOTT COUNTY,
MISSISSIPPI; SCOTT
COUNTY SHERIFF
DEPUTIES RICHARD
GREGORY, JODY STEWART,
COTY MAY, MICHAEL
TOWNSEND, and HUNTER
WOLF, and NURSE ANNA
EARL, in their individual and
Official capacities; and
MISSISSIPPI HIGHWAY
PATROL TROOPER L.
HARRISON, in his individual
capacity                                                     DEFENDANTS

**SHERIFF MIKE LEE, DEPUTY MICHAEL TOWNSEND, DEPUTY
RICHARD GREGORY, DEPUTY JODY STEWART, DEPUTY HUNTER
WOLF AND NURSE ANNA EARL'S MOTION TO EXTEND DISCOVERY
DEADLINE AND TO COMPEL DEPOSITION OF PLAINTIFF, JOHNNY BROWN**

COME NOW, Sheriff Mike Lee, Deputy Michael Townsend, Deputy Richard

Gregory, Deputy Jody Stewart, Deputy Hunter Wolf, and Nurse Anna Earl, by and

through counsel, and pursuant to Rules 26 and 37 of the Federal Rules of Civil

Procedure and Local Rule 26(b) of the Local Uniform Rules of the Northern District and

the Southern District of Mississippi, move this Court to extend the current discovery

deadline in this matter and compel Plaintiff to sit for a deposition or, in the alternative,

preclude him from offering testimony in this matter.

1.      This matter arises out of an August 2015 interaction between Plaintiff and the moving defendants. According to Plaintiff's Complaint, the moving defendants unlawfully assaulted, detained and searched him. *CM/ECF Doc. No. 1.*

2.      On September 23, 2015, Plaintiff filed suit alleging violations of his U.S. Constitutional rights as well as state law violations. *Id.* Subsequently, the Plaintiff submitted a Second, and then, Third Amended Complaint. *CM/EDF Doc. No. 10, 18.*

3.      On June 20, 2016, the municipal defendants in this matter moved for a stay based on the fact that there were outstanding criminal charges related to this matter. *CM/ECF Doc. No. 33.*

4.      On October 14, 2016, the municipal defendants' motion for stay was granted. *CM/ECF Doc. No. 52.*

5.      On February 14, 2017, Plaintiff moved to lift the stay and sought leave to file a Fourth Amended Complaint. *CM/ECF Doc. No. 54-55.* The same was granted.

6.      On March 7, 2017, this Court issued a Rule 16 Order. *CM/ECF Doc. No 63.*

7.      Subsequently, the Court entered another immunity-related stay in this matter. See *Text Only Order April 5, 2017.*

8.      On April 20, 2017, the moving defendants propounded written immunity-related discovery to Plaintiff, which was due May 22, 2017. *CM/ECF Doc. Nos. 70-71.* Despite the deadline, Plaintiff failed to timely respond to the moving defendants and co-defendants written immunity-related discovery.

9.      Eventually, on July 13, 3017, Plaintiff moved to extend the deadlines in this matter, including the discovery deadline. *CM/ECF Doc. No. 72.* The Court held a

telephonic hearing regarding the extension and granted the same. See, *Text Only Order, July 27, 2017.*

10.     The Court set a new immunity-related discovery deadline of September 11, 2017. *Id.*

11.     Finally, on August 8, 2017, counsel for the Plaintiff submitted responses to the County's interrogatories and request for production; however, the interrogatory responses were not signed by Plaintiff. See, *Unexecuted Responses*, attached hereto as Exhibit A.

12.     On that same day, counsel for the moving defendants sent Plaintiff's counsel email correspondence requesting to depose the Plaintiff and other individuals identified by Plaintiff as having knowledge pertinent about his claims on August 24-25, 2017. See, *August 8, 2017 Email Correspondence*, attached hereto as Exhibit B.

13.     On August 17, 2017, having heard nothing from Plaintiff's counsel, counsel for the moving defendants followed up with Plaintiff's counsel via email. See, *August 17, 2017 Email Correspondence*, attached hereto as Exhibit C.

14.     In response, Plaintiff's counsel explained that he was unable to contact the individuals apart from his client and suggested the defendants subpoena those witnesses. See, *Plaintiff's August 17, 2017 Reply Email Correspondence*, attached hereto as Exhibit D. Plaintiff further indicated that his client was working out of town but he was trying to "nail down something with him" and that, in the meantime, the defendants should "go ahead and schedule those…identified for the 24th and 25th." *Id.*

15.     Counsel for the Plaintiff and counsel for the moving defendants conferred via email again on August 21, 2017, and counsel for the defendants relayed that the defendants had decided to only depose Plaintiff at this time. See, *August 21, 2017 Email Correspondence*, attached hereto as Exhibit E. However, the dates previously provided were no longer available, so the defendants suggested that Plaintiff be deposed Friday, August 25, 2017 at 10:00 a.m. *Id*.

16.     The next day, counsel for the Plaintiff responded and asked whether or not the defendants would be willing to depose Plaintiff by video on Friday, August 25, 2017. See, *August 22 – 23, 2017 Email Correspondence*, attached hereto as Exhibit F. The defendants would not agree to the same. *Id*.

17.     Nevertheless, since the Plaintiff was available on Friday, August 25, 2017 for a deposition, the moving defendants noticed Plaintiff's deposition for August 25, 2017. *CM/ECF Doc. NO. 77.*

18.     Counsel for the Plaintiff responded that the Plaintiff was not available for an in-person deposition on August 25, 2017. See, *August 23, 2017 Email Correspondence*, attached hereto as Exhibit G. As such, the undersigned counsel requested that Plaintiff's counsel provide dates for the following week, August 28 – September 1, 2017, on which Plaintiff could be deposed in person. *Id*. However, Plaintiff's counsel never responded.

19.     In another good faith attempt to set Plaintiff's deposition, on August 28, 2017, counsel for the moving defendants forwarded correspondence to Plaintiff's counsel suggesting all defendants were available to depose Plaintiff in person on September 8, 2017. See, *August 28, 2017 Email Correspondence*, attached hereto as Exhibit

4

H. In the alternative, defendants requested additional dates on which Plaintiff could be deposed. *Id*.

20.     On August 29, 2017, Plaintiff's counsel stated that he was "working on it" and that he should know something in the "next couple of days." See, *August 29, 2017 Email Correspondence*, attached hereto as Exhibit I.

21.     Finally, on September 5, 2017, Plaintiff's counsel confirmed that his client was available for deposition at his office in Jackson on September 8, 2017. See, *September 5, 2017 Email Correspondence*, attached hereto as Exhibit J. The moving defendants noticed Plaintiff's deposition accordingly. *CM/ECF Doc. NO. 78*.

22.     On September 6, 2017, Plaintiff's counsel indicated that he now had a conflict with the time of the deposition and sought to move the same from 10:00 a.m. to 1:00 p.m. on September 8th. See, *September 6-7, 2017 Email Correspondence*, attached hereto as Exhibit K. However, the defendants could not accommodate that request. *Id*.

23.     Later on that same day, Plaintiff's counsel contacted the defendants via email stating that his client could not be deposed on the 8th as he had "been indicted on criminal charges in Newton County…" See, *September 7, 2017 Email Correspondence*, attached hereto as Exhibit L. Counsel for the moving defendants asked whether or not Plaintiff had been incarcerated and was told by Plaintiff's counsel that he was "not incarcerated but said he will not appear" at his deposition on Friday. *Id*.

24.     On Friday, September 8, 2017, at approximately 9:48 AM, counsel for the moving defendants forwarded correspondence to Plaintiff's counsel informing him of the defendants belief Plaintiff had no intention of sitting for a deposition and, therefore,

the defendants would be filing a Motion to Compel Plaintiff's Deposition. See, *September 8, 2017 Email Correspondence*, attached hereto as Exhibit M. Counsel for the moving defendants suggested that if Plaintiff did not want to participate in discovery he could voluntarily dismiss this matter. *Id*. To date, Plaintiff has not provided a date on which his client can be deposed and the discovery deadline in this matter has now expired.

25.     Although the Plaintiff has refused to allow the defendants to depose him in this matter, the defendants have a right to do so and would request that this Court extend the discovery deadline to allow for Plaintiff's deposition to take place.[1] Furthermore, the moving defendants would request that this Court order Plaintiff to appear and participate in his own deposition at 10:00 a.m. on October 3, 2017.  In the alternative, the moving defendants would request that this Court preclude Plaintiff from offering testimony at the motion and/or trial stage of this suit.

WHEREFORE, PREMISES CONSIDERED, for the reasons stated hereinabove, the moving defendants would respectfully request that this Court continue the immunity related discovery deadline in this matter and compel the Plaintiff to attend an in-person deposition at 10:00 a.m. on October 3, 2017 or be barred from offering testimony in this suit.

**DATE:     September 21, 2017.**

---

[1] During this time, Plaintiff can also take depositions of the defendants if he so desires.

Respectfully submitted,

**SHERIFF MIKE LEE, DEPUTY
RICHARD GREGORY,
DEPUTY JODY STEWART,
DEPUTY MICHAEL
TOWNSEND, DEPUTY
HUNTER WOLF AND NURSE
ANNA EARL**

BY:      _/s/William R. Allen_
         One of Their Attorneys

WILLIAM R. ALLEN (MSB # 100541)
JESSICA S. MALONE (MSB #102826)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS  39602-0751
Tel. (601) 833-4361
Fax (601) 833-6647
wallen@aabalegal.com
jmalone@aabalegal.com

**CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing Motion for Continuance and to Compel Deposition of Plaintiff with the Clerk of the Court using the ECF system which gave notice of same to the following:

Bradley S. Clanton, Esq.
CLANTON LEGAL GROUP, PLLC
P.O. Box 4781
Jackson, Mississippi 39296
brad@clantonlegalgroup.com

Tommy D. Goodwin, Esq.
MISSISSIPPI ATTORNEY GENERAL'S OFFICE
P.O. Box 220
Jackson, MS 39205-0220
tgood@ago.state.ms.us

Daniel J. Griffith, Esq.
JACKS GRIFFITH LUCIANO, PA
P. O. Box 1209
Cleveland, MS 38732-1209
dgriffith@jlpalaw.com

Mary McKay Lasker, Esq.
JACKS GRIFFITH LUCIANO, PA
P. O. Box 1209
Cleveland, MS 38732-1209
mlasker@jlpalaw.com

This the 21st day of September, 2017.

/s/William R. Allen
OF COUNSEL

8